C. G. KEEBLE, TRUSTEE OF P. R. ASHBY, BANKRUPT, v. FIDELITY AND DEPOSIT COMPANY OF BALTIMORE ET AL.

(Filed 27 October, 1926.)

(For digest see *Robinson Manufacturing Co. v. R. L. Blaylock et al., ante,* 407.)

APPEAL by plaintiff from *Barnhill, J.,* at March Term, 1926, of WAKE.

Civil action to recover balance alleged to be due under a road construction contract.

From a judgment in favor of the Fidelity and Deposit Company of Baltimore, Maryland, rendered on facts agreed, a jury trial having been waived, the plaintiff appeals, assigning error.

*J. C. Little for plaintiff.*
*S. Brown Shepherd for Fidelity and Deposit Co.*

STACY, C. J. The controlling facts are as follows:

1. In December, 1921, P. R. Ashby, contractor, entered into a contract with the State Highway Commission of North Carolina to build a road in Wilson County, known as Project No. 291.

2. The Fidelity and Deposit Company of Baltimore, Maryland (hereafter called the surety), became surety on the contract bond and thereby obligated itself, among other things, to save the State Highway Commission harmless from "any and all claims of persons furnishing material or performing labor in and about the construction of said roadway," etc.

3. The actual work of construction had been completed, or practically so, but with many claims for labor and material unpaid, on 4 January, 1924, when the contractor was adjudged a bankrupt and the plaintiff herein appointed trustee in bankruptcy as provided by law.

4. On default by the contractor, the surety was compelled, under the terms of its bond, to pay the claims of laborers and materialmen, amounting to more than $9,000.00.

5. At the time of the adjudication in bankruptcy, the State Highway Commission had in its hands, under the provisions of the construction contract, retained percentages of the contractor's account, amounting to $8,098.92.

6. These retained percentages had been duly assigned to the surety at the time of the execution of the surety bond.

Upon these, the facts chiefly pertinent, the appeal presents the single question as to whether the aforesaid retained percentages should be paid to the trustee in bankruptcy for distribution among the general creditors of the bankrupt, or to the surety, under and by virtue of the terms of its contract and bond.

The judgment awarding the sum to the surety must be affirmed on authority of *Robinson Mfg. Co. v. Blaylock et al., ante,* 407.

Affirmed.